No. 2339.  TALBOTT & SONS *v.* GLADNEY. November Term,
1888.  This was a motion to reinstate the appeal in this case dis-

missed by the clerk under rule 1. The motion was refused, the Chief Justice saying : Certain rules have been prescribed by the court for taking an appeal, step by step, which, if followed, will remove all difficulty in the matter of appeals ; but if not observed, subject appellant to liability to have his appeal dismissed for want of prosecution. In cases of mistake or inadvertence the court may relieve the appellant and restore the appeal. Parties can dispense with these rules and agree to a case to constitute the return. In such cases the question is as to the agreement. In this case there was an agreement to make up a case, which, as to the return, was to be filed in the Supreme Court on or before the first day of September. On failure to do so the appeal was to be regarded as abandoned. The return was not filed in the Supreme Court by September 1, and hence the agreement was not complied with. The appellant contends that the respondent kept the case for some time, and thereby waived the time. Assuming that there was thereby a waiver on the part of respondent, still there was non-compliance on the part of the appellant. The case could have been filed by the November term, so that the case could have been docketed and heard during the present term, but the appellant did not file the return until December 8, after the time required by rule of court. Under the circumstances the appellant has no right to claim a reinstatement of the appeal. He is in the hands of the respondents. If the papers are printed and ready so that the case can be heard at this term, perhaps the respondents should consent to its being reinstated on the docket for that purpose; but if not, there is no reason why the appeal should be restored. PER CURIAM, January 11, 1889. *W. S. Monteith,* for motion. *McDonald & Douglass,* contra.